1   KELLEY DRYE & WARREN LLP
      David E. Fink (STATE BAR NO. 169212)
2   10100 Santa Monica Boulevard, Twenty-Third Floor
    Los Angeles, California 90067-4008
3   Telephone: (310) 712-6100
    Facsimile: (310) 712-6199
4   dfink@whiteo.com
    *Appearing Specially*
5
    KELLEY DRYE & WARREN LLP
6     David E. Frulla (D.C. Bar No. 414170; Md. Bar Member)
      Darryl W. Jackson (D.C. Bar No. 261305)
7     Shaun M. Gehan (D.C. Bar No. 483720; Me. Bar No. 9380)
    Washington Harbour, Suite 400
8   3050 K Street, NW
    Washington, DC  20007-5108
9   Telephone: (202) 342-8400
    Facsimile: (202) 342-8451
10  dfrulla@kelleydrye.com
    djackson@kelleydrye.com
11  sgehan@kelleydrye.com
    *Admitted Pro Hac Vice for Purposes of Appearing Specially*
12
    KELLEY DRYE & WARREN LLP
13    Julie Vasady-Kovacs (N.Y. Bar No. 2225936)
    101 Park Avenue
14  New York, NY  10178
    Telephone: (212) 808-7800
15  Facsimile: (212) 808-7898
    jvasady-kovacs@kelleydrye.com
16  *Admitted Pro Hac Vice for Purposes of Appearing Specially*

17  Attorneys Appearing Specially for Defendants
    JUTHAMAS SIRIWAN and JITTISOPA SIRIWAN
18

19                    UNITED STATES DISTRICT COURT

20                   CENTRAL DISTRICT OF CALIFORNIA

21
                                    |  CR Nos. 09-00081-1; 09-00081-2
22                                  |
    UNITED STATES OF AMERICA,       |  The Honorable George H. Wu, Crtrm. 10
23                                  |
                                    |  **DEFENDANTS' BRIEF IN
24                                  |  RESPONSE TO THE
                 Plaintiff,         |  GOVERNMENT'S SUR-REPLY**
25                                  |
                                    |  Date:    November 21, 2011
26               v.                 |  Time:    8:30 a.m.
                                    |  Crtrm.: 10
27
28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC  20007-

JUTHAMAS SIRIWAN

and

JITTISOPA SIRIWAN,

Defendants.

Date of Filing:     November 14, 2011

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

2

DEFENDANTS' BRIEF IN RESPONSE TO GOVERNMENT'S SUR-REPLY

1   TO THE COURT, THE PARTIES AND THEIR COUNSEL:

2        Defendants Juthamas Siriwan ("Governor Siriwan") and Jittisopa Siriwan

3   ("Ms. Siriwan") (collectively, "the Siriwans"), through undersigned counsel, will

4   and hereby do file their Brief in Response to the Government's Sur-Reply filed

5   pursuant to this Court's Order of November 9, 2011 (DE 81).  Defendants' Reply is

6   based upon the attached memorandum of points and authorities, the files and

7   records in this matter, as well as any evidence or argument presented at any hearing

8   on this matter.

9

10   DATED: November 14, 2011     Respectfully submitted,
     KELLEY DRYE & WARREN LLP

11        By     /s David E. Fink            

12          David E. Fink

13        Attorneys Appearing Specially for Defendants
     Juthamas Siriwan and Jittisopa Siriwan

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, Juthamas Siriwan and Jittisopa Siriwan, appreciate this opportunity to briefly address the Government's Sur-Reply.

**I.      Failure to Allege a Distinct Money Laundering Offense**

The Government's Sur-Reply is most notable for what it does not address. Most fundamentally, while the Government claims it charged international promotion money laundering under the Money Laundering Control Act ("MLCA"), it never responds to the Siriwans' showing that the Indictment did not allege any "analytically distinct" acts or intent that extend beyond the culmination of the alleged bribes. Caselaw from the Ninth Circuit, and nationwide, requires an act constituting promotion, as well as an intent to promote money laundering. Instead, the Government has simply alleged the elements of the specified unlawful acts ("SUA")—alleged Foreign Corrupt Practices Act ("FCPA") and Thai anti-corruption laws—and thus does not state a money laundering charge. Defendants stand on the arguments proffered.

Nor is the Government correct that its failure to charge an FCPA violation negates the Siriwans' arguments. "Defendants do not argue theirs is a direct 'merger' or 'multiplicity' case like *United States v. Santos*, 553 U.S. 507 (2008)." (Def.'s Reply Brief at 12 (DE 74).) This Court should, however, apply the *Santos* "mode of analysis," just as the Ninth Circuit did in *United States v. Van Alstyne*, 584 F.3d 803, 813 (9th Cir. 2009). Principles of due process and fair warning preclude the Government's creative effort to charge the Siriwans' alleged receipt of bribes as causing international promotion money laundering. As the Siriwans explained, it makes no more sense to discuss the transfer of money to consummate a bribery scheme under these facts as an act designed to "promote" the carrying on of bribery than to describe firing a gun at another as an act designed to "promote" the carrying on of assault with a deadly weapon.

/ / /

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-

## II.     Failure to Allege an Offense Against Thailand Involving "the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official"

The Siriwans demonstrated that Section 152 of the Thai Penal Code does not make out the crime of "misappropriation, theft, or embezzlement" of Thai public funds; rather, the offense relates to honest services-based fraud, which is not an MLCA SUA.  (*See, e.g.,* Def.'s Reply Br. at 14-15 (DE 74).)  The Government essentially now rejoins the Indictment's allegations regarding this specific predicate are "close enough."  (*See* Gov't Sur-reply at 3 n.2 (DE 80) (arguing that "the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged") (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).)  The Indictment must do more than recite a crime by title, however.  It must, at a minimum, also set forth its elements and "specif[y] the facts and circumstances of the particular offense."  *United States v. Morrison*, 536 F. 2d 286, 288 (9th Cir. 1976).  The Government has not met even this low bar for the misappropriation predicate, which the Government simply recites and supports by the same factual allegations applying to the bribery predicate.  These are two separate crimes with different elements.  Neither Section 152 nor the allegations make out this offense.  Misappropriation, theft, and embezzlement represent different crimes from bribery, and they are all distinct from honest services fraud.

Furthermore, MCLA paragraph (c)(7)(B)'s phrasing – that is, "*with respect to a financial transaction* occurring in whole or part in the United States, an offense against a foreign nation involving . . . ." – connotes a financial transfer tied in some manner to the foreign specified unlawful act.  18 U.S.C. § 1956(c)(7)(B) (emphasis added).  Defendants noted the financial transaction at issue involved the Greens' funds, not public funds.  No matter how it is viewed, the bare "misappropriation, theft, or embezzlement" allegation cannot serve as an specified unlawful activity.

/ / /

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

**III.    The MLCA Does Not Provide Personal Jurisdiction in the Case**

The Government continues to misapprehend the difference between personal and subject matter jurisdiction, leading itself down the rabbit hole of the doctrine of repeal by implication.[1]   The Siriwans explained how paragraph (b)(2) and subsection (f) have independent effect, and why Congress chose to add a criminal long-arm statute limiting the MLCA's reach to direct (as opposed to derivative) MLCA offenses at the same time it vastly expanded that law's scope with respect to foreign law offenses.  (*See* Def.s' Reply Br. Part IV.)  As such, 18 U.S.C. § 1956(b)(2) *supplements* rather than supplants subsection 1956(f).

The parties have apparently come to agree there is no "irreconcilable conflict" between the two provisions. (*See* Gov't Sur-reply at 4.)  But we strenuously disagree over whether paragraph (b)(2) is strictly civil.  By its terms, it is not.  Further, while the general rule may well be that "courts establish personal jurisdiction over a criminal defendant when the offender is brought before the court," (Gov't Sur-reply at 4 (citing 21 Am Jur. 2d Crim. Law § 433)), the Government never explains why Mr. Bodmer's being before the court did not subject him to its personal jurisdiction.  *See United States v. Bodmer*, 342 F. Supp. 2d 176, 187-88 (S.D.N.Y. 2004); (*see also* Def.s' Reply Br. at 22-23).  In point of fact, there are numerous federal criminal statutes with "long-arm" provisions. *See, e.g.,* 18 U.S.C. § 1203 (limiting criminal liability for hostage taking to, *inter alia,* an offender who is a U.S. national or found in the United States);  *see also* 18 U.S.C. §§ 832, 956 (employing similar personal jurisdictional qualifier analyzed in *Bodmer*; specifically, "whoever, within the United States or subject to the

---

[1]    There is simply no "implication" in paragraph (b)(2), which plainly provides jurisdiction over "foreign persons" who, *inter alia,* "commit[s] an offense under subsection (a) involving a financial transaction that occurs in whole or part in the United States."  Paragraph (b)(2) performs a different function from subsection (f). The latter defines "what" conduct the statute reaches extraterritorially, while the former delimits "who" can be charged.  The Government's statement that the two are "akin" demonstrates a continuing misunderstanding.  (Gov't Sur-reply at 5.)

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

jurisdiction of the United States . . . .").

Nor does the so-called "*Ker-Frisbie* doctrine" fill the personal jurisdictional gap.  None of the cases comprising this doctrine involve a crime that contains its own jurisdictional predicate.  No argument was raised in *Ker v. Illinois*, 119 U.S. 436 (1886), that the statutes under which the fugitive was charged and convicted did not extend personal jurisdiction over him.  Rather, the defendant argued, among other things, that his forcible removal from Peru violated the applicable extradition treaty and his due process rights.  *Frisbie v. Collins*, 342 U.S. 519 (1952), is of the same mold, except in a strictly domestic context.  Frisbie was convicted of murder, a statute which is unlikely to contain a limitation on its long-arm reach.  Finally, *United States v. Alvarez-Manchain*, 504 U.S. 665 (1992), is much like *Ker*, except the defendant, charged with murders including of a DEA agent, was a Mexican national forcibly rendered to the U.S.   Extreme measures permitted in the rare case do not defeat express congressional delimitations of personal jurisdiction in all cases; otherwise, express statutory enactments limiting a court's jurisdiction would be nothing more than advisory.

The *Ker-Frisbie* decisions thus address a different issue.  They hold that a court will not vacate an otherwise lawful conviction if authorities' actions while detaining the defendant may have violated the law, the Constitution, or a treaty, even if the defendant could have invoked the court's jurisdiction during the period of unlawful detention to obtain *habeas corpus* relief.  The Siriwans' case does not involve unlawful detention.  The Government cites no cases holding convictions by a court without jurisdiction over the person or the crime to be valid, and Defendants suspect there are none.

The Siriwans have already addressed the Government's erroneous argument that paragraph (b)(2) is exclusively civil because it refers to the Rules of Civil Procedure.  Paragraph (b)(2)'s plain words do not impose that limit.  The Court should not be reluctant to construe this paragraph according to its plain terms in this

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

4
DEFENDANTS' BRIEF IN REESPONSE TO GOVERNMENT'S SUR-REPLY

1    instance, just because no other court has addressed this precise issue, either way.

2        Finally, as to Ms. Siriwan, Defendants are correct in stating the Indictment

3    neither alleges her presence in the U.S., nor any conduct by her in this country.  The

4    allegations the Government cited in its Sur-Reply do not involve her direct acts in

5    the U.S., to the extent they even somehow amount to her acts at all: the Greens'

6    possession of Ms. Siriwans' bank statements (¶ 19); the Greens' sending money to

7    a foreign bank account allegedly held in her name (¶ 25); Ms. Siriwan allegedly

8    "receiving" money in a Singapore bank account (¶ 26); and a fax purportedly from

9    the Governor ostensibly providing instructions for the Greens to wire money to a

10   United Kingdom account attributed to Ms. Siriwan (Overt Act #2).

11       While the Government may be correct in stating an "indictment need not set

12   forth all of the evidence to be proved at trial," (Gov't Sur-Reply at 6 (quoting

13   *United States v. Terragna*, 390 Fed. Appx. 631, 637 (9th Cir. July 26, 2010)), its

14   failure to allege *any* facts relating to the key subject matter jurisdictional predicates

15   does not suffice.  *Morrison*, 536 F. 2d at 288.

16   **IV.    Section 9 of the Thai Penal Code**

17       The Siriwans explained the import of Thailand's jurisdictional statute at great

18   length.  Of course, as the Government notes, the United States cannot directly

19   charge Thai law violations, but the Siriwans demonstrated that the Government's

20   "argument addresses neither the issue of concurrent jurisdiction nor Section 9's

21   application."  (Def.'s Reply Br. at 34.)  Section 9 applies to extraterritorial acts of

22   Thai officials, rather than specific charges.  (*Id.*)  Indeed, the charges in the

23   Indictment are as close as logically conceivable to the Thai law violations.  The

24   case at hand instead involves Thailand's sovereign determination, expressed in

25   statute and supported by detailed legislative history, (*id.* at 27), over how far it

26   wishes to exercise jurisdiction over its officials' alleged malfeasance in office.  This

27   issue directly corresponds to this Court's inquiry into its jurisdiction to prescribe.

28       / / /

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

5
DEFENDANTS' BRIEF IN REESPONSE TO GOVERNMENT'S SUR-REPLY

**CONCLUSION**

The Government's case, in substance, is a bribery case masquerading as money laundering conspiracy.  This unique and novel form is necessitated by the inconvenient inability to levy charges under the FCPA or Thailand's Penal Code. The Indictment founders because, when the payment of a bribe is recharacterized as a money laundering transaction, there is neither a distinct crime nor promotion. Nor does jurisdiction lie.  By its plain terms, the MLCA extends extraterritorial personal jurisdiction only over "foreign persons" who commit direct money laundering violations under section 1956(a), and not those charged with conspiracy or via 18 U.S.C. § 2.  Finally, principles of international law and statutory construction disfavor the strained reading of the law the Government offers, making prosecution of this case unreasonable, and thus inconsistent with international law.

For these and other reasons stated herein, as well as in the Siriwans' Motion to Dismiss, Reply Brief, and all exhibits and filings, the Defendants respectfully request the Indictment be dismissed.

DATED:  November 14, 2011     Respectfully submitted,
                                    KELLEY DRYE & WARREN LLP
                                    By   /s David E. Fink
                                           David E. Fink
                                    Attorneys Appearing Specially for Defendants
                                    Juthamas Siriwan and Jittisopa Siriwan

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

6
DEFENDANTS' BRIEF IN REESPONSE TO GOVERNMENT'S SUR-REPLY