UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

THE HON. GEORGE H. WU, JUDGE PRESIDING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JUTHAMAS SIRIWAN AND JITTISOPA SIRIWAN,<br>Defendants. | No. CR 09-81-GW |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Thursday, November 29, 2012, 9:09 a.m.

STATUS CONFERENCE

Wil S. Wilcox, CSR 9178
Official U.S. District Court Reporter
312 North Spring Street, # 430
Los Angeles, California 90012
Phone: (213) 290-2849

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFF:

UNITED STATES DEPARTMENT OF JUSTICE
AFMLS - Money Laundering and Bank Integrity Unit
BY: JONATHAN ERROL LOPEZ
ASSISTANT UNITED STATES ATTORNEY
1400 New York Avenue NW
Washington, DC 22201
Tel: (202) 598-2306
Email: jonathan.lopez@usdoj.gov

FOR THE DEFENDANTS:

KELLEY, DRYE & WARREN LLP
BY: DAVID E. FRULLA, ATTORNEY AT LAW
3050 K Street NW
Suite 400
Washington, DC 20007-5108
(202) 342-8648
dfrulla@kelleydrye.com
sgehan@kelleydrye.com

FOR THE DEFENDANTS:

KELLEY, DRYE & WARREN LLP
BY: DAVID E. FINK, ATTORNEY AT LAW
10100 Santa Monica Boulevard
23rd Floor
Los Angeles, California 90067
(310) 712-6170
dfink@kelleydrye.com

**LOS ANGELES, CA.; THURSDAY, NOVEMBER 29, 2012; 9:09 A.M.**

-oOo-

THE COURT: All right. Let me call the matter of U.S.A. vs. Siriwan.

MR. LOPEZ: Good morning, Your Honor.

Jonathan Lopez on behalf of the United States.

MR. FRULLA: Good morning, Your Honor.

David Frulla and David Fink on behalf of the defendants.

THE COURT: All right. I've looked at the supplemental filings from both sides. Let me just find my notes.

I guess there is no dispute that the Thai government has postponed processing the U.S. government's extradition request because the Thai government indicates that it's doing its own investigation of the Siriwans as to crimes which appear not to overlap entirely but I think certainly relate to the crimes that are involved in this case. I presume both sides agree to that?

MR. LOPEZ: The United States takes the position that the crimes are separate but the conduct, different aspects of conduct --

THE COURT: Sure.

MR. FRULLA: Your Honor, this is David Frulla. We agree with that. I think the point that I'd make is that it

now appears that the Thai government is saying that it's going to prosecute as opposed to just investigate.

  THE COURT:  Well, let's put it this way.  Sometimes governments say things and we never know what they mean.  And that's not to say that the Thai government is like that.  I'm just saying sometimes.

  These are my questions:  Is the government here going to make a request to stay these proceedings pending the extradition?  Because, obviously, if the defendants are not extradited there is nothing I can do no matter what in this case.  I presume the government's making that request?

  MR. LOPEZ:  Yes.  The government exactly requests that we wait to see if the defendants are extradited here.

  THE COURT:  Okay.  The second question is that one might wonder what happens if it takes the Thai government five years to investigate.  Am I suppose to keep this case on my docket for five years if there is no certainty as to when the prosecution will actually take place in Thailand?

  MR. LOPEZ:  Well, Your Honor, it's hard for me to talk about hypotheticals like that.

  THE COURT:  Why?  Just form English sentences and it comes out.

  MR. LOPEZ:  It's not uncommon for extradition requests to be pending for a long amount of time as people work through them.

            THE COURT:  Yes.  But is it common for courts, for judges to say, oh, yeah, I don't care, just have this on my calendar forever?  Or do judges say, well, why not just simply dismiss the case without prejudice as long as you can get an agreement from the defendants that there is not going to be any speedy trial objection later on or something of that sort?  Because, obviously, the government has an obvious reason why I can't prosecute if it can't get the bodies here.

            MR. LOPEZ:  A couple of things on that point, Your Honor.  First, the government would object to a dismissal without prejudice because it's unclear how the statute of limitations play in and re-indict.

            THE COURT:  Well, they would have to agree to that.

            MR. LOPEZ:  Let me just answer the court's question --

            THE COURT:  Sure.

            MR. LOPEZ:  -- because I have two points to it.

            We then have to re-indict and get the grand jury and present all of the evidence again.  It seems to me the better course of action --

            THE COURT:  Why would you have to do that?  Couldn't they waive and agree?  In other words, couldn't they simply agree, assuming they will -- couldn't they

simply agree to; one, that there would be a dismissal but the same indictment can be utilized; two, that they are waiving any statute of limitations and; three, that they are also waiving any speedy trial objections to all this?

       MR. LOPEZ: Well, Your Honor, there is other ways the defendants might be able to appear here beyond just the extradition treaty, for example, if they were to be picked up in another country that they travel to.

       But let me address a broader issue which is I'm not aware of any court ever saying an indictment has been on my docket and extradition hasn't happened yet so I'm dismissing the case.

       THE COURT: I didn't say I was going to dismiss. I did not say that. I was saying whether or not the parties could agree. I didn't say anything about dismissal. Did the word "dismissal" -- you must have been thinking about a prior case.

       MR. LOPEZ: Your Honor, I'm sorry. I misunderstood.

       What exactly is the court proposing?

       THE COURT: I'm just asking whether or not the parties would agree on something of this sort so that the court need not on its own dismiss.

       MR. LOPEZ: I think the best course of action would be for the parties to agree and for the court to stay

these proceedings until the defendants come here either via extradition or otherwise, just appear before this court.

   THE COURT: Well, but the problem is that the defendants are also arguing -- have made a motion to dismiss, and so at some point in time the question is should I entertain the motion to dismiss at this point in time or should I just continue to agree to the stay?

   MR. FRULLA: Your Honor, David Frulla, if I may.

   THE COURT: Sure.

   MR. FRULLA: We believe that the case is ready for decision -- that the motion is ready for decision. The reason that the court had stayed the consideration of the motion since January was to see what the Thai government was going to do.

   As I recall the discussion back in January, the court was wondering whether Thailand would recognize its own sovereign interests and put them first which it's done. That's exactly what we've been saying in our papers. I think that's been the court's instincts right along. So, we believe the case is ready for decision.

   THE COURT: Let me hear from the government.

   MR. LOPEZ: Your Honor, one, the government takes the position that whether or not Thailand agrees to the extradition or disagrees with the extradition has no bearing on the merits of the motion to dismiss because Congress has

expressed clear intent to apply the statute extraterritorially. And when Congress does that there is strong case law that one does not look to international law to do a balancing of interests.

THE COURT: Well, it's not necessarily international law, but it's just a question of at this point of feasibility. In other words, it's nice that this government always wants to prosecute pretty much anyone anywhere. But at some point in time one has to decide for purposes of just common sense that if the individuals are going to be prosecuted for crimes that don't necessarily 100 percent overlap but to some degree overlap, especially since the individuals, at least one of the individuals, was a government official and acting in her capacity as a governmental official of Thailand, that pretty much this country maybe should decide to step aside and let the matter proceed in the home country.

MR. LOPEZ: Your Honor, those precise questions that you are asking are in the purview really of the executive branch of the state department and the government. I have three cases exactly on point --

THE COURT: Let me stop.

MR. LOPEZ: -- even in the Ninth Circuit.

THE COURT: Stop. Don't give them to me now because I will forget them between now and the next time I

see you guys.

Why don't we do this then.  I think what both sides -- at least what the defense is saying is that they want me to rule on the motion to dismiss which I had previously entertained but put on the back shelf pending this last issue.

What I will do is this:  I will allow both sides to give me supplemental filings because on one of the issues I don't think the government is conceding that what the Thai government is doing is an expression of the Thai government interposing its national interests ahead of this criminal prosecution.  Although, I do understand that that may be the defendants' position.

So what I will do is I will allow both sides to give me anything additional that they want to give me before I decide the motion to dismiss.

I do understand it's the holiday season approaching.  So, do you guys want to give me some potential dates?

What I propose to do is both sides file simultaneous supplemental briefs and then supplemental reply to the briefs and so there will be two dates and then I will set a matter for a hearing.

Do you guys want to give me some dates now or do you want to meet and confer and give me some dates by

stipulation? Whatever dates you guys want will probably be agreeable to me.

MR. LOPEZ: We can meet and confer.

Is that all right with you, Mr. Frulla and Fink?

MR. FRULLA: At this stage that's fine.

MR. FINK: Yes.

THE COURT: Okay.

MR. FRULLA: Is there a hearing date the court's working back from or is that at our pleasure?

THE COURT: No. It's at your pleasure. I have other things I need to do in other cases. So, I will miss you guys but I won't necessarily think of you guys.

I tell you what, just give me a stipulation by next Tuesday, by noon on Tuesday of next week, which would be I guess the 4th of December. And if there is a problem, I want you guys to appear telephonically on the 6th of December if there is a problem. But if there is no problem, just give me the stip and I will probably sign off on it.

MR. LOPEZ: Can I just make sure I understand the court's question of what it wants in this briefing?

THE COURT: I want whatever else either side wants to put in the supplemental. I'm not putting any limitations. In other words, either side can give me anything they want. But I do want you to focus on at least one issue. And the one issue obviously is the significance

of the Thai government's latest actions, what that should mean or be interpreted by this court to mean.

And, also, if there is any supplemental things that have happened between last January and today, which obviously time goes by and there might be new cases, you can give me that. Don't reargue anything because I have the original arguments.

You don't need to argue anything. But if you have any supplements, give me the supplements. And if there is some issue that has popped up that either side thinks is germane, that's fine. Throw it in. But I am going to give a page limitation. You can discuss whatever you want, but I don't want it to be any more than 15 pages.

MR. LOPEZ: I was under 15 pages.

THE COURT: Were you, when?

MR. LOPEZ: This last one.

MR. FRULLA: Not last time.

MR. LOPEZ: I've got a good record here.

THE COURT: At least you are saving trees.

All right. Anything else we need to discuss, gentlemen?

MR. FRULLA: No. Your Honor.

THE COURT: All right. Have a very nice day.

MR. FRULLA: Thank you. You as well.

(At 9:20 a.m. proceedings were adjourned.)

--oOo--

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: December 5, 2012

/S/____WIL S. WILCOX __________

U.S. COURT REPORTER
CSR NO. 9178

-

--oOo [1] 12/1
-oOo [1] 3/2

/

/S [1] 12/15

0

09-81-GW [1] 1/8

1

100 percent [1] 8/12
10100 [1] 2/14
12 [1] 2/13
13 [1] 2/14
14 [1] 2/15
1400 [1] 2/5
15 [2] 11/13 11/14

2

20007-5108 [1] 2/10
2012 [3] 1/16 3/1 12/12
202 [2] 2/6 2/10
213 [1] 1/25
22201 [1] 2/5
2306 [1] 2/6
23rd [1] 2/14
28 [1] 12/6
2849 [1] 1/25
29 [2] 1/16 3/1
290-2849 [1] 1/25

3

3050 [1] 2/9
310 [1] 2/15
312 [1] 1/24
342-8648 [1] 2/10

4

400 [1] 2/9
430 [1] 1/24
4th [1] 10/15

5

5108 [1] 2/10
598-2306 [1] 2/6

6

6170 [1] 2/15
6th of [1] 10/16

7

712-6170 [1] 2/15
753 [1] 12/5

8

8648 [1] 2/10

9

90012 [1] 1/24
90067 [1] 2/15
9178 [2] 1/23 12/16
9:09 [2] 1/16 3/1
9:20 [1] 11/25

A

a.m [3] 1/16 3/1 11/25
able [1] 6/6
about [3] 4/20 6/15 6/16
above [1] 12/8
above-entitled [1] 12/8
acting [1] 8/14
action [2] 5/22 6/24
actions [1] 11/1
actually [1] 4/18
additional [1] 9/15
address [1] 6/9
adjourned [1] 11/25
AFMLS [1] 2/3
again [1] 5/21
agree [10] 3/19 3/25 5/14 5/24 5/25 6/1 6/15 6/22 6/25 7/7
agreeable [1] 10/2
agreement [1] 5/5
agrees [1] 7/23
ahead [1] 9/11
all [7] 3/3 3/10 5/21 6/4 10/4 11/20 11/23
allow [2] 9/7 9/14
along [1] 7/19
also [3] 6/4 7/4 11/3
Although [1] 9/12
always [1] 8/8
am [2] 4/16 11/11
AMERICA [1] 1/6
amount [1] 4/24
Angeles [4] 1/15 1/24 2/15 3/1
another [1] 6/8
answer [1] 5/16
any [8] 5/6 6/3 6/4 6/10 10/22 11/3 11/9 11/13
anyone [1] 8/8
anything [6] 6/15 9/15 10/24 11/6 11/8 11/20
anywhere [1] 8/9
appear [4] 3/17 6/6 7/2 10/16
APPEARANCES [1] 2/1
appears [1] 4/1
apply [1] 8/1
approaching [1] 9/18
are [12] 3/18 3/21 4/7 4/9 4/13 6/2 6/3 7/4 8/10 8/19 8/19 11/19
argue [1] 11/8
arguing [1] 7/4
arguments [1] 11/7
as [9] 3/16 4/2 4/17 4/24 5/4 5/4 7/15 8/14 11/24
aside [1] 8/16
asking [2] 6/21 8/19
aspects [1] 3/22
ASSISTANT [1] 2/4
assuming [1] 5/25
ATTORNEY [3] 2/4 2/8 2/13
Avenue [1] 2/5
aware [1] 6/10

B

back [3] 7/15 9/5 10/9
balancing [1] 8/4
Bank [1] 2/3
be [15]
bearing [1] 7/24
because [9] 3/15 4/9 5/7 5/12 5/19 7/25 8/25 9/8 11/6
been [4] 6/10 6/16 7/18 7/19
before [2] 7/2 9/15
behalf [2] 3/6 3/8
believe [2] 7/10 7/20
best [1] 6/24
better [1] 5/22
between [2] 8/25 11/4
beyond [1] 6/6
bodies [1] 5/9
both [6] 3/11 3/19 9/2 9/7 9/14 9/20
Boulevard [1] 2/14
branch [1] 8/20
briefing [1] 10/20
briefs [2] 9/21 9/22
broader [1] 6/9

C

CA [1] 3/1
calendar [1] 5/3
CALIFORNIA [4] 1/2 1/15 1/24 2/15
call [1] 3/3
can [8] 4/10 5/4 6/2 10/3 10/19 10/23 11/5 11/12
can't [2] 5/8 5/8
capacity [1] 8/14
care [1] 5/2
case [9] 3/19 4/11 4/16 5/4 6/12 6/17 7/10 7/20 8/3
cases [3] 8/21 10/11 11/5
CENTRAL [1] 1/2
certainly [1] 3/18
certainty [1] 4/17
CERTIFICATE [1] 12/2
certify [1] 12/5
Circuit [1] 8/23
clear [1] 8/1
Code [1] 12/6
come [1] 7/1
comes [1] 4/22
common [2] 5/1 8/10
conceding [1] 9/9
conduct [2] 3/21 3/22
confer [2] 9/25 10/3
CONFERENCE [2] 1/17 12/10
conformance [1] 12/9
Congress [2] 7/25 8/2
consideration [1] 7/12
continue [1] 7/7
correct [1] 12/7
could [1] 6/15
couldn't [3] 5/24 5/24 5/25
COUNSEL [1] 2/1
country [3] 6/8 8/16 8/17
couple [1] 5/10
course [2] 5/22 6/24
court [11] 1/1 1/23 6/10 6/20 6/23 6/25 7/2 7/12 7/16 11/2 12/16
court's [4] 5/16 7/19 10/8 10/20
courts [1] 5/1
CR [1] 1/8
crimes [4] 3/17 3/18 3/21 8/11
criminal [1] 9/11
CSR [2] 1/23 12/16

D

date [2] 10/8 12/12
dates [5] 9/19 9/22 9/24 9/25 10/1
DAVID [6] 2/8 2/13 3/8 3/8 3/24 7/8
day [1] 11/23
DC [2] 2/5 2/10
December [3] 10/15 10/17 12/12
decide [3] 8/9 8/16 9/16
decision [3] 7/11 7/11 7/20
defendants [10] 1/10 2/8 2/13 3/9 4/9 4/13 5/5 6/6 7/1 7/4
defendants' [1] 9/13
defense [1] 9/3
degree [1] 8/12
department [2] 2/2 8/20
dfink [1] 2/16
dfrulla [1] 2/11
did [2] 6/14 6/15
didn't [2] 6/13 6/15
different [1] 3/21
disagrees [1] 7/24
discuss [2] 11/12 11/20
discussion [1] 7/15
dismiss [8] 5/4 6/13 6/23 7/5 7/6 7/25 9/4 9/16

D

dismissal [4] 5/11 6/1 6/15 6/16
dismissing [1] 6/12
dispute [1] 3/13
DISTRICT [3] 1/1 1/2 1/23
DIVISION [1] 1/3
do [16]
docket [2] 4/17 6/11
does [2] 8/2 8/3
doing [2] 3/16 9/10
don't [8] 5/2 8/11 8/24 9/2 9/9 11/6 11/8 11/13
done [1] 7/17
DRYE [2] 2/8 2/13

E

either [4] 7/1 10/21 10/23 11/10
else [2] 10/21 11/20
Email [1] 2/6
English [1] 4/21
entertain [1] 7/6
entertained [1] 9/5
entirely [1] 3/17
entitled [1] 12/8
ERROL [1] 2/4
especially [1] 8/12
even [1] 8/23
ever [1] 6/10
evidence [1] 5/21
exactly [4] 4/12 6/20 7/18 8/21
example [1] 6/7
executive [1] 8/20
expressed [1] 8/1
expression [1] 9/10
extradited [2] 4/10 4/13
extradition [8] 3/15 4/9 4/23 6/7 6/11 7/2 7/24 7/24
extraterritorially [1] 8/2

F

feasibility [1] 8/7
file [1] 9/20
filings [2] 3/11 9/8
find [1] 3/11
fine [2] 10/5 11/11
FINK [3] 2/13 3/8 10/4
first [2] 5/11 7/17
five [2] 4/16 4/17
Floor [1] 2/14
focus [1] 10/24
foregoing [1] 12/6
forever [1] 5/3
forget [1] 8/25
form [1] 4/21
format [1] 12/9
FRULLA [5] 2/8 3/8 3/24 7/8 10/4

G

gentlemen [1] 11/21
GEORGE [1] 1/4
germane [1] 11/11
get [3] 5/5 5/8 5/20
give [13]
goes [1] 11/5
going [7] 4/2 4/8 5/5 6/13 7/14 8/11 11/11
good [3] 3/5 3/7 11/18
got [1] 11/18
government [18]
government's [3] 3/14 4/11 11/1
governmental [1] 8/15
governments [1] 4/4
grand [1] 5/20
guess [2] 3/13 10/15
guys [7] 9/1 9/18 9/24 10/1 10/12 10/12 10/16
GW [1] 1/8

H

had [2] 7/12 9/4
happened [2] 6/11 11/4
happens [1] 4/15
hard [1] 4/19
has [7] 3/14 5/7 6/10 7/24 7/25 8/9 11/10
has an [1] 5/7
hasn't [1] 6/11
have [13]
hear [1] 7/21
hearing [2] 9/23 10/8
held [1] 12/8
her [1] 8/14
here [6] 4/7 4/13 5/9 6/6 7/1 11/18
hereby [1] 12/5
holiday [1] 9/17
home [1] 8/17
HON [1] 1/4
Honor [11] 3/5 3/7 3/24 4/19 5/11 6/5 6/18 7/8 7/22 8/18 11/22
how [1] 5/12
hypotheticals [1] 4/20

I

I'd [1] 3/25
I'm [6] 4/6 6/9 6/11 6/18 6/21 10/22
I've [2] 3/10 11/18
indicates [1] 3/15
indict [2] 5/13 5/20
indictment [2] 6/2 6/10
individuals [3] 8/10 8/13 8/13
instincts [1] 7/19
Integrity [1] 2/3
intent [1] 8/1
interests [3] 7/17 8/4 9/11
international [2] 8/3 8/6
interposing [1] 9/11
interpreted [1] 11/2
investigate [2] 4/2 4/16
investigation [1] 3/16
involved [1] 3/18
is [40]
issue [5] 6/9 9/6 10/25 10/25 11/10
issues [1] 9/8
it [12] 3/25 4/3 4/15 4/22 5/1 5/8 5/19 5/21 10/18 10/20 11/11 11/13
it's [11] 3/16 4/1 4/19 4/23 5/12 7/17 8/5 8/6 8/7 9/17 10/10
its [4] 3/16 6/23 7/16 9/11

J

January [3] 7/13 7/15 11/4
JITTISOPA [1] 1/9
JONATHAN [2] 2/4 3/6
jonathan.lopez [1] 2/6
JUDGE [1] 1/4
judges [2] 5/2 5/3
Judicial [1] 12/10
jury [1] 5/20
just [16]
JUSTICE [1] 2/2
JUTHAMAS [1] 1/9

K

keep [1] 4/16
KELLEY [2] 2/8 2/13
kelleydrye.com [3] 2/11 2/11 2/16
know [1] 4/4

L

last [4] 9/6 11/4 11/16 11/17
later [1] 5/6
latest [1] 11/1
Laundering [1] 2/3
law [5] 2/8 2/13 8/3 8/3 8/6
least [4] 8/13 9/3 10/24 11/19
let [7] 3/3 3/11 5/16 6/9 7/21 8/16 8/22
let's [1] 4/3
like [2] 4/6 4/20
limitation [1] 11/12
limitations [3] 5/13 6/3 10/23
LLP [2] 2/8 2/13
long [2] 4/24 5/4
look [1] 8/3
looked [1] 3/10
LOPEZ [2] 2/4 3/6
Los [4] 1/15 1/24 2/15 3/1

M

made [1] 7/4
make [3] 3/25 4/8 10/19
making [1] 4/11
matter [5] 3/3 4/10 8/16 9/23 12/8
may [2] 7/8 9/12
maybe [1] 8/16
me [22]
mean [3] 4/5 11/2 11/2
meet [2] 9/25 10/3
merits [1] 7/25
might [3] 4/15 6/6 11/5
miss [1] 10/11
misunderstood [1] 6/19
Money [1] 2/3
Monica [1] 2/14
more [1] 11/13
morning [2] 3/5 3/7
motion [7] 7/4 7/6 7/11 7/13 7/25 9/4 9/16
Mr. [1] 10/4
Mr. Frulla [1] 10/4
much [2] 8/8 8/15
must [1] 6/16
my [5] 3/11 4/7 4/17 5/2 6/11

N

national [1] 9/11
necessarily [3] 8/5 8/11 10/12
need [4] 6/23 10/11 11/8 11/20
never [1] 4/4
new [2] 2/5 11/5
next [3] 8/25 10/14 10/14
nice [2] 8/7 11/23
Ninth [1] 8/23
Ninth Circuit [1] 8/23
no [9] 1/8 3/13 4/10 4/17 7/24 10/10 10/17 11/22 12/16
noon [1] 10/14
North [1] 1/24
not [16]
notes [1] 3/12
nothing [1] 4/10
November [2] 1/16 3/1
now [4] 4/1 8/24 8/25 9/24
NW [2] 2/5 2/9

O

object [1] 5/11
objection [1] 5/6
objections [1] 6/4
obvious [1] 5/8
obviously [4] 4/9 5/7 10/25 11/5
off [1] 10/18
official [3] 1/23 8/14 8/15
oh [1] 5/2
Okay [2] 4/14 10/7
one [10] 4/14 6/1 7/22 8/3 8/9 8/13 9/8

O

one... [3] 10/25 10/25 11/16
oOo [2] 3/2 12/1
opposed [1] 4/2
original [1] 11/7
other [6] 5/24 6/5 8/7 10/11 10/11 10/23
otherwise [1] 7/2
our [2] 7/18 10/9
out [1] 4/22
overlap [3] 3/17 8/12 8/12
own [3] 3/16 6/23 7/16

P

page [2] 11/12 12/9
pages [2] 11/13 11/14
papers [1] 7/18
parties [3] 6/14 6/22 6/25
pending [3] 4/8 4/24 9/5
people [1] 4/24
percent [1] 8/12
Phone [1] 1/25
picked [1] 6/7
place [1] 4/18
Plaintiff [2] 1/7 2/2
play [1] 5/13
pleasure [2] 10/9 10/10
point [7] 3/25 5/10 7/5 7/6 8/6 8/9 8/21
points [1] 5/19
popped [1] 11/10
position [3] 3/20 7/23 9/13
postponed [1] 3/14
potential [1] 9/18
precise [1] 8/18
prejudice [2] 5/4 5/12
present [1] 5/21
PRESIDING [1] 1/4
presume [2] 3/19 4/11
pretty [2] 8/8 8/15
previously [1] 9/5
prior [1] 6/17
probably [2] 10/1 10/18
problem [4] 7/3 10/15 10/17 10/17
proceed [1] 8/17
proceedings [5] 1/14 4/8 7/1 11/25 12/8
processing [1] 3/14
propose [1] 9/20
proposing [1] 6/20
prosecute [3] 4/2 5/8 8/8
prosecuted [1] 8/11
prosecution [2] 4/18 9/12
purposes [1] 8/10
pursuant [1] 12/5
purview [1] 8/19
put [4] 4/3 7/17 9/5 10/22
putting [1] 10/22

Q

question [5] 4/14 5/17 7/5 8/6 10/20
questions [2] 4/7 8/18

R

re [2] 5/13 5/20
re-indict [2] 5/13 5/20
ready [3] 7/10 7/11 7/20
really [1] 8/19
reargue [1] 11/6
reason [2] 5/8 7/12
recall [1] 7/15
recognize [1] 7/16
record [1] 11/18
regulations [1] 12/10
relate [1] 3/18
reply [1] 9/21
reported [1] 12/7
Reporter [2] 1/23 12/16
REPORTER'S [1] 1/14
request [3] 3/15 4/8 4/11
requests [2] 4/12 4/24
right [6] 3/3 3/10 7/19 10/4 11/20 11/23
rule [1] 9/4

S

same [1] 6/2
Santa [1] 2/14
saving [1] 11/19
say [7] 4/4 4/5 5/2 5/3 6/13 6/14 6/15
saying [6] 4/1 4/6 6/10 6/14 7/18 9/3
season [1] 9/17
second [1] 4/14
Section [1] 12/5
see [3] 4/13 7/13 9/1
seems [1] 5/21
sense [1] 8/10
sentences [1] 4/21
separate [1] 3/21
set [1] 9/23
sgehan [1] 2/11
shelf [1] 9/5
should [4] 7/5 7/7 8/16 11/1
side [3] 10/21 10/23 11/10
sides [6] 3/11 3/19 9/3 9/7 9/14 9/20
sign [1] 10/18
significance [1] 10/25
simply [3] 5/4 5/25 6/1
simultaneous [1] 9/21
since [2] 7/13 8/13
SIRIWAN [3] 1/9 1/9 3/4
Siriwans [1] 3/16
so [8] 6/11 6/22 7/5 7/19 9/14 9/18 9/22 10/11
some [7] 7/5 8/9 8/12 9/18 9/24 9/25 11/10
something [2] 5/6 6/22
sometimes [2] 4/4 4/6
sorry [1] 6/18
sort [2] 5/7 6/22
sovereign [1] 7/17
speedy [2] 5/6 6/4
Spring [1] 1/24
stage [1] 10/5
state [1] 8/20
STATES [8] 1/1 1/6 2/2 2/4 3/6 3/20 12/6 12/10
STATUS [1] 1/17
statute [3] 5/12 6/3 8/1
stay [3] 4/8 6/25 7/7
stayed [1] 7/12
stenographically [1] 12/7
step [1] 8/16
stip [1] 10/18
stipulation [2] 10/1 10/13
stop [2] 8/22 8/24
Street [2] 1/24 2/9
strong [1] 8/3
Suite [1] 2/9
supplemental [6] 3/11 9/8 9/21 9/21 10/22 11/3
supplements [2] 11/9 11/9
suppose [1] 4/16
sure [4] 3/23 5/18 7/9 10/19

T

take [1] 4/18
takes [3] 3/20 4/15 7/22
talk [1] 4/20
Tel [1] 2/6
telephonically [1] 10/16
tell [1] 10/13
Thai [9] 3/13 3/15 4/1 4/5 4/15 7/13 9/9 9/10 11/1
Thailand [4] 4/18 7/16 7/23 8/15
than [1] 11/13
Thank [1] 11/24
that [53]
that's [5] 4/5 7/18 7/19 10/5 11/11
them [4] 4/25 7/17 8/24 8/25
then [4] 5/20 9/2 9/21 9/22
there [15]
these [3] 4/7 4/8 7/1
they [13]
things [4] 4/4 5/10 10/11 11/3
think [7] 3/17 3/25 6/24 7/19 9/2 9/9 10/12
thinking [1] 6/16
thinks [1] 11/10
this [21]
those [1] 8/18
three [2] 6/3 8/21
through [1] 4/25
Throw [1] 11/11
Thursday [2] 1/16 3/1
time [7] 4/24 7/5 7/6 8/9 8/25 11/5 11/17
Title [1] 12/6
today [1] 11/4
transcript [3] 1/14 12/7 12/9
travel [1] 6/8
treaty [1] 6/7
trees [1] 11/19
trial [2] 5/6 6/4
true [1] 12/6
Tuesday [2] 10/14 10/14
two [3] 5/19 6/2 9/22

U

U.S [3] 1/23 3/14 12/16
U.S.A [1] 3/4
unclear [1] 5/12
uncommon [1] 4/23
under [1] 11/14
understand [3] 9/12 9/17 10/19
Unit [1] 2/3
UNITED [8] 1/1 1/6 2/2 2/4 3/6 3/20 12/6 12/10
until [1] 7/1
up [2] 6/8 11/10
usdoj.gov [1] 2/6
utilized [1] 6/2

V

very [1] 11/23
via [1] 7/1

W

wait [1] 4/13
waive [1] 5/24
waiving [2] 6/3 6/4
want [12] 9/4 9/15 9/18 9/24 9/25 10/1 10/16 10/21 10/24 10/24 11/12 11/13
wants [3] 8/8 10/20 10/21
WARREN [2] 2/8 2/13
was [7] 6/13 6/14 7/13 7/13 7/16 8/13 11/14
Washington [2] 2/5 2/10
way [1] 4/3
ways [1] 6/5
we [9] 3/24 4/4 4/13 5/20 7/10 7/19 9/2 10/3 11/20
we've [1] 7/18
week [1] 10/14
well [8] 4/3 4/19 5/3 5/14 6/5 7/3 8/5 11/24

W

were [3] 6/7 11/15 11/25
WESTERN [1] 1/3
what [15]
whatever [3] 10/1 10/21 11/12
when [3] 4/18 8/2 11/15
whether [4] 6/14 6/21 7/16 7/23
which [6] 3/17 6/9 7/17 9/4 10/14 11/4
why [5] 4/21 5/3 5/8 5/23 9/2
Wil [2] 1/23 12/15
Wilcox [2] 1/23 12/15
will [12] 4/18 5/25 8/25 9/7 9/7 9/14 9/14 9/22 9/22 10/1 10/11 10/18
without [2] 5/4 5/12
won't [1] 10/12
wonder [1] 4/15
wondering [1] 7/16
word [1] 6/16
words [3] 5/24 8/7 10/23
work [1] 4/25
working [1] 10/9
would [8] 5/11 5/14 5/23 6/1 6/22 6/25 7/16 10/14
WU [1] 1/4

Y

yeah [1] 5/2
years [2] 4/16 4/17
Yes [3] 4/12 5/1 10/6
yet [1] 6/11
York [1] 2/5
you [24]
your [12] 3/5 3/7 3/24 4/19 5/10 6/5 6/18 7/8 7/22 8/18 10/10 11/22